## ÆTNA CASUALTY & SURETY CO. v. ADAMS et al.

## SAME v. HARRISON et al.
### Nos. 5952, 5953.

Circuit Court of Appeals, Third Circuit.
May 29, 1936.

THOMPSON, Circuit Judge, dissenting.

———◇———

Rawle & Henderson, of Philadelphia, Pa. (George M. Brodhead, Jr., of Philadelphia, Pa., H. S. Craumer, of Reading, Pa., and Thomas F. Mount and Joseph W. Henderson, both of Philadelphia, Pa., of counsel), for appellant.

Charles W. Matten and Harry R. Matten, both of Reading, Pa., for appellee Adams.

E. H. Deysher, of Reading, Pa., for appellee Louis F. Kraemer.

Geo. Eves, of Reading, Pa., for appellee C. H. Schlegel.

Stevens & Lee, of Reading, Pa. (Harry W. Lee and John H. Bertolet, both of Reading, Pa., of counsel), for appellees Henry K. Harrison, George A. Ravel, E. Richard Meinig, and W. C. Bitting.

Before BUFFINGTON and THOMPSON, Circuit Judges, and AVIS, District Judge.

BUFFINGTON, Circuit Judge.

The facts in this case, so far as material to a decision, are as follows: At the election held on November 3, 1931, Robert R. Gerhart was elected county treasurer of Berks county, Pa. The county commissioners required a surety bond or bonds in the sum of $250,000, for the faithful performance of his duties, and for the safe-keeping of, and accounting for, all moneys that came into his hands. Gerhart was unable to procure a surety company bond for the full amount, and the appellant, the Ætna Casualty & Surety Company (hereafter called Casualty Company), as surety, with Gerhart as principal, executed, on January 4, 1932, a bond of the nature required in the sum of $50,000.

A bond executed by Gerhart as principal and ten individuals as sureties in the penal sum of $200,000, with similar conditions, was filed in conjunction with the $50,000 bond of Casualty Company. This latter bond recited that the judges of the court of common pleas had approved the sureties, and that liability on it should follow and be subsequent to the liability of the Casualty Company's bond of $50,000.

An additional bond, the one upon which the present suits are predicated, was executed on December 17, 1931. The obligors in this latter bond were the Reading National Bank & Trust Company, West Reading Title & Trust Company, Henry K. Harrison, George A. Ravel, E. Richard Meinig, Louis F. Kraemer, C. H. Schlegel, and W. C. Bitting. All of these individual obligors, with others, also executed the $200,000 bond above mentioned.

The obligees in this latter bond were "Robert R. Gerhart, of Robesonia, County of Berks, State of Pennsylvania (Treasurer-elect of Berks County, Pennsylvania) and the sureties on his official bond, hereinafter called the Obligees, as their respective interests may appear," and the protection afforded by this bond was "in a sum equal to the full amount of deposits, which are or may be deposited with said depositories." The word "depositories" refers to the two banking institutions appearing as obligors.

Both banks subsequently became insolvent, and were taken over by the Comptroller of the Currency and receivers appointed. At the time of insolvency there were balances to the credit of the treasurer in the two banks aggregating $93,-

087.72. A dividend or dividends of $26,-762.69 were subsequently paid, leaving a balance due the county of $66,325.03. Upon demand, Casualty Company paid to the county the sum of $50,000, the maximum of its liability, and instituted these suits against the obligors named in the indemnity bond given by the banks and the six individuals hereinbefore noted. One action was against the receiver of the banks, and the other against the six named individuals.

An affidavit of defense, constituting a statutory demurrer, was filed, and upon hearing it was sustained by the District Court on the ground that the action should have been commenced by all obligors in the $200,000 individual bond, who were, as a group, named as obligees in the general indemnity bond.

It will be noted that the indemnity bond does not contain any penal sum, and although in the form of a bond, it is in fact an agreement of indemnity without limit as to amount, and secures Casualty Company, the appellant, and other obligors on the surety bond of the treasurer "as their respective interests may appear" and "in a sum equal to the full amount of deposits."

The condition of the bond or agreement is that the depositories shall pay over and account for all moneys deposited by the treasurer. This the depositories failed to do, and Casualty Company has been required to pay $50,000, a portion of the amount deposited.

There is no suggestion that the other obligees have been required to pay, or have paid, the balance of approximately $16,-000, the money of the county of Berks. Certainly the appellant should not be injured by the failure of other persons similarly situated to join in the action or institute independent suits. However, in view of the fact that the bond or agreement reads to the sureties "as their respective interests may appear," it seems quite clear that each party to the agreement has the right separately to sue for such amount as may have become due to it or him under the terms of the three obligations.

The case of Satler Lumber Company v. Exler, 239 Pa. 135, 86 A. 793, referred to by counsel for appellee, presents an entirely different situation. In that case the liability was limited to $3,000. The joint claims were in excess of that amount. In the instant case the only limit of liability is the amount deposited, which the banks failed to pay.

The Pennsylvania cases set out by counsel for appellant appear to sustain the contention of a severable right to recover where the instrument indicates that the obligor assumed to indemnify the obligees separately. It seems to us no stronger language, evidencing such an intent, could be used than that contained in the obligation upon which these suits are brought.

All of the decisions cited by counsel for appellee in which it was held that the action was not severable, state the general principle that an action is severable if the instrument itself so states or so indicates.

We are satisfied the agreement in question in the instant action, in conjunction with the other obligations, and the fact that the liability of appellees in the agreement sued upon, runs to the obligees "as their respective interests may appear," entitles the Casualty Company to maintain its separate action.

After full consideration of the above and of other questions raised, all of which have been duly considered, we are of opinion the judgments entered below should be reversed and vacated, and the case proceed in due course.

THOMPSON, Circuit Judge (dissenting).

The depository bond runs to "Robert R. Gerhart and the sureties on his official bond, hereinafter called the Obligees, as their respective interests may appear. * * *" Upon the very face of the bond, therefore, appears the fact that the appellant has a joint rather than several right to sue. This was the ground of the decision of the learned judge of the court below, with which I agree. I am therefore constrained to record my dissent.